■ In the Matter of IRWIN GREEN, Respondent, v JUDGES OF THE DISTRICT COURT OF NASSAU COUNTY, Appellants.—In a proceeding pursuant to CPLR article 78 to compel appellants, the Judges of the District Court of the County of Nassau, to reinstate petitioner's plea of guilty to the crime of sexual abuse in the second degree, the appeal is from a judgment of the Supreme Court, Nassau County, dated April 12, 1976, which (1) directed appellants to reinstate the said plea of guilty and (2) remanded the matter to the District Court for such purpose and for further proceedings with respect to sentence. Judgment affirmed, without costs or disbursements. The evidence does not establish that defendant acted fraudulently on June 18, 1975 in procuring an adjournment of the already-commenced Grand Jury proceedings to June 24, 1975 and in pleading guilty on June 23, 1975 to the misdemeanor of sexual abuse in the second degree (see Penal Law, § 130.60, subd 2), the sole charge in the District Court information of June 9, 1975. On June 18, 1975, and prior to June 23, 1975, defendant had no way of knowing that the Assistant District Attorney in the District Court on June 23, 1975 would be unaware of the then-pending Grand Jury proceedings and would not ask for an "as of right" adjournment pursuant to CPL 170.20 (subd 2). Further, under all of the circumstances, defendant's failure to advise the District Court Judge on June 23, 1975 of that which the Assistant District Attorney had failed to relate, viz., that Grand Jury proceedings

were pending, etc., cannot be considered a fraud. Defendant had a reasonable right to believe that the Assistant District Attorney in the District Court was aware of the Grand Jury proceedings and that, by his failure to seek an "as of right" adjournment, he "consented" to the misdemeanor plea disposing of the entire case. Martuscello, Acting P. J., Cohalan, Margett, Damiani and Hawkins, JJ., concur.